UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **INGO STUBBE, M.D., Ph.D., FACC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 20-cv-11915-DJC** |
| ) | |
| **DENIS RICHARD MCDONOUGH,** ) | |
| **SECRETARY OF VETERANS AFFAIRS,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                    **July 9, 2024**

**I.     Introduction**

Plaintiff Dr. Ingo Stubbe ("Stubbe") has filed this lawsuit against Defendant Robert L. Wilkie, Secretary of Veterans Affairs (the "VA")[1] alleging unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") (Count I); age discrimination in violation of the ADEA (Count II); disability discrimination in violation of the Rehabilitation Act of 1973 and the ADA (Count III) and claims of a hostile work environment under Title VII, the Rehabilitation Act and the ADEA (Count IV) arising from events during and following Stubbe's employment with the VA.  D. 1.  The VA moved for summary judgment on July 11, 2023.  D. 150. Without repeating the entirety of the timing of Stubbe's response(s) to same, but incorporating its

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court substitutes the name of Denis Richard McDonough, the current Secretary of Veterans Affairs, as Defendant here.

1

prior Orders regarding same by reference, D. 180-81, the Court notes that it allowed the VA's motion for summary judgment and directed Stubbe to show cause by March 28, 2024 why the order should not stand, with a focus on the exhaustion and equitable tolling issue, D. 181, which Stubbe now has filed, D. 183.  For the reasons stated below, the Court DENIES the motion.  To the extent that Stubbe's motion, alternatively, sought reconsideration of the Court's Order, D. 181, the Court denies that relief as well for the reasons stated in D. 180-81 and herein.

## II.      Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law."  Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).  The movant bears the burden of demonstrating the absence of a genuine issue of material fact.  Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex v. Catrett, 477 U.S. 317, 323 (1986).  If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial.  Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor."  Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

## III.     Factual Background

The following facts are undisputed unless otherwise noted and are drawn from the VA's statement of material facts, D. 152, and Stubbe's response to same, D. 171.

A.     **Anti-Discrimination Training**

Stubbe was a primary care and internal medicine physician at the Brockton VA Medical Center in Brockton, Massachusetts until October 19, 2016.  D. 152 ¶¶ 1, 11; D. 171 ¶¶ 1, 11. During his employment with the VA, Stubbe received anti-discrimination training on November 30, 2011 and on April 1, 2014.  D. 152 ¶ 5; D. 171 ¶ 5; D. 149-2 at 2.  The April 2014 training advised him that employees have the right to be free from discrimination based on retaliation, age and disability.  D. 152 ¶ 6; D. 171 ¶ 6; D. 145-1.  The training deck stated, "[t]he regulations governing the Federal [equal employment opportunity] complaint process are found in 29 CFR 1614.  Employees seeking redress under this process must contact an [equal employment opportunity] counselor . . . within 45 calendar days of the date of the alleged discrimination."  D. 152 ¶ 7; D. 171 ¶ 7.  As shown in the training presentation, the words "45 calendar days" were bolded in red font, and the section highlighting the 45-day rule was enclosed in a box with the words "BE AWARE" in bold black letters next to a red flag.  See D. 145-1 at 3.  The training also described a case of retaliation and similarly advised that the 45-day deadline for contacting an equal employment opportunity ("EEO") counselor applied for retaliation cases.  D. 152 ¶ 8; D. 171 ¶ 8.  Again, the words "45 calendar days" were emphasized in bold, red text accompanied by an image of a red flag.  See 145-1 at 4.

B.     **EEO Posters**

While Stubbe was employed at the VA, there were posters posted at the Brockton VA that advised employees to contact an EEO counselor within 45 days of an incident of discrimination or retaliation.  D. 152 ¶ 9; D. 171 ¶ 9.  Although Stubbe disputes the declarations proffered by the VA regarding these posters (as the Court discusses further below), it does not dispute that they were posted.  See id.  The poster outlined the "Equal Employment Opportunity Discrimination Complaint Process" and stated, "[i]n accordance with Equal Employment Opportunity

3

Commission (EEOC) regulations, if you are a current employee, applicant for employment, or former employee and believe you have been discriminated against because of your . . . age (40 years and over), physical or mental disability . . . and/or retaliation, you can use the Equal Employment Opportunity (EEO) discrimination complaint process." D. 146-1. The first step, as outlined on the poster, advised that an individual "[c]ontact an EEO counselor within 45 calendar days of the incident." D. 146-1. Stubbe initiated contact with an EEO counselor on June 21, 2017, and on or about January 24, 2018, Stubbe filed a formal administrative complaint. D. 152 ¶¶ 12-13; D. 171 ¶¶ 12-13.

**IV.    Procedural History**

Stubbe filed this action on October 23, 2020. D. 1. The VA moved to dismiss, D. 17, which the Court allowed in part and denied in part, D. 49. The VA then moved for summary judgment, D. 150, which the Court allowed, D. 181, after having struck Stubbe's late filed opposition, D. 179, after having allowed numerous extensions as the Court recounted in detail in D. 180. The Court then directed Stubbe to show cause why the order granting summary judgment should not stand. D. 181. Stubbe filed the show cause memorandum in response to this Order and also moved for the Court to reconsider its allowance of the VA's motion for summary judgment. D. 183.

## V.     Discussion

As explained in D. 181, the VA is entitled to summary judgment on Counts II, III and IV where Stubbe has failed to exhaust his administrative remedies.  Accordingly, the Court turns to this threshold matter.

### A.     <u>Timely Exhaustion of Administrative Remedies (Counts II, III, and IV)</u>

A federal employee who brings an action under Title VII or the Rehabilitation Act must have exhausted his administrative remedies.[2]  <u>Bartlett v. Dep't of the Treasury</u>, 749 F.3d 1, 7–8 (1st Cir. 2014); <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564 (1st Cir. 2005).  The same applies to claims brought under the ADEA where the plaintiff elects first to pursue an administrative remedy rather than proceed directly to court.  <u>Maziarz v. Brennan</u>, No. 15-cv-30098-MAP, 2016 WL 7799647, at *3-4 (D. Mass. Aug. 3, 2016), <u>report and recommendation adopted</u>, No. 15-cv-30098-MAP, 2016 WL 5334463 (D. Mass. Sept. 22, 2016) (citing <u>Jorge</u>, 404 F.3d at 561).[3]  To exhaust his administrative remedies, an employee must contact an EEO officer within forty-five days of the alleged discriminatory act.  <u>Green v. Brennan</u>, 578 U.S. 547, 552-53 (2016); <u>Velazquez-Rivera v. Danzig</u>, 234 F.3d 790, 794 (1st Cir. 2000); 29 C.F.R. § 1614.105(a)(1).

"This exhaustion requirement is no small matter; it 'is a condition to the waiver of sovereign immunity' and thus 'must be strictly construed.'"  <u>Vázquez-Rivera v. Figueroa</u>, 759

---

[2] Although Stubbe alleged disability discrimination under both the Rehabilitation Act and the ADA, D. 1 at 18, the Court considers this claim only under the Rehabilitation Act, as "the ADA is not available to federal employees."  <u>Alvarez v. United States</u>, No. 18-30172-MGM, 2020 WL 13659102, at *3 (D. Mass. Mar. 24, 2020) (quoting <u>Calero-Cerezo v. U.S. Dep't of Just.</u>, 355 F.3d 6, 11 n.1 (1st Cir. 2004)).

[3] Under the ADEA, "a federal employee has the option of bypassing administrative remedies entirely and suing directly in the federal district court. . . . A federal employee who wishes to avail himself of this bypass option must notify the EEOC of his intent to sue within 180 days following the occurrence of the allegedly unlawful practice and then observe a thirty-day waiting period before filing suit."  <u>Jorge</u>, 404 F.3d at 561 (citing 29 U.S.C. 633a(d)).  The undisputed record here is that Stubbe did not choose "the so-called bypass route."  <u>Maziarz</u>, 2016 WL 7799647, at *4.

F.3d 44, 47–48 (1st Cir. 2014) (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 94 (1990)).

The forty-five-day time limit is, however, "not a jurisdictional prerequisite and, as such, is subject

to equitable tolling, waiver and estoppel." <u>Kelly v. U.S. Dep't of Homeland Sec.</u>, 4 F. Supp. 3d

358, 361 (D.R.I. 2014) (citing <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982) and

<u>McKinnon v. Kwong Wah Restaurant</u>, 83 F.3d 498, 504 (1st Cir. 1996)); <u>see</u> 29 C.F.R.

§ 1614.105(a)(2).   These doctrines apply "[o]nly in 'exceptional circumstances.'" <u>Farris v.</u>

<u>Shinseki</u>, 660 F.3d 557, 563 (1st Cir. 2011) (quoting <u>Vistamar, Inc. v. Fagundo-Fagundo</u>, 430 F.3d

66, 71 (1st Cir. 2005)); <u>see</u> <u>Vera v. McHugh</u>, 622 F.3d 17, 30 (1st Cir. 2010) (stating that courts

should apply these doctrines "sparingly") (internal citation and quotation marks omitted).

     Stubbe does not dispute that he did not initiate contact with an EEO counselor until June

21, 2017, more than 45 days after any alleged discriminatory act.  D. 171 ¶ 12.  Stubbe argues that

the 45-day rule should be equitably tolled.  D. 183 at 2.  "Equitable tolling is appropriate when the

plaintiff demonstrates 'excusable ignorance' of his statutory rights." <u>Am. Airlines, Inc. v.</u>

<u>Cardoza-Rodriguez</u>, 133 F.3d 111, 124 (1st Cir. 1998) (quoting <u>Kale v. Combined Ins. Co. of Am.</u>,

861 F.2d 746, 752 (1st Cir. 1988)).  A plaintiff cannot claim "equitable tolling based on excusable

ignorance if the plaintiff had *either* actual or constructive knowledge of her statutory rights."

<u>Bangura v. Shulkin</u>, 334 F. Supp. 3d 443, 458 (D. Mass. 2018) (emphasis in original) (quoting

<u>Bartlett</u>, 749 F.3d at 11).  "Actual knowledge occurs where an employee either learns or is told of

his . . . rights, even if he becomes only generally aware of the fact that there is a statute outlawing

age discrimination and providing relief therefor." <u>Kale</u>, 861 F.2d at 753.  "Constructive

knowledge, on the other hand, is 'attributed' to an employee in situations where he has retained an

attorney, . . . or where an employer has fulfilled his statutory duty by conspicuously posting the

official EEOC notices that are designed to inform employees of their . . . rights." Id. (internal citations omitted).

### 1.    Actual Knowledge of the Filing Requirement

Now after discovery, Stubbe has not shown that a genuine issue of material fact exists as to his actual knowledge of his statutory rights, i.e., the 45-day filing requirement.  Courts have found that completion of an EEO training constitutes actual notice.  See Maziarz, 2016 WL 7799647, at *8 (concluding that plaintiff "*actually* knew that she had an obligation to begin the process of invoking her statutory rights against discrimination by initiating contact with an EEO counselor" where she submitted a pre-complaint counseling requestion some 52 days after the unfavorable outcome of her arbitration and 43 days after she claimed to have received notice of same); Castillo v. U.S. Internal Revenue Serv., No. 1:13-cv-00517-SKO, 2016 WL 310114, at *6 (E.D. Cal. Jan. 26, 2016) (holding that plaintiff had actual notice of the existence of the 45-day deadline because she completed a briefing that informed her of same).

The undisputed record shows that Stubbe received anti-discrimination training from the Brockton VA on November 30, 2011 and on April 1, 2014.  D. 152 ¶ 5;  D. 171 ¶ 5; D. 149-2 at 2.  The training that Stubbe received on April 1, 2014 advised him that employees have the right to be free from discrimination based on retaliation, age and disability.  D. 152 ¶ 6; D. 171 ¶ 6; D. 145-1 at 3.  The training also informed Stubbe that "[e]mployees seeking redress . . . must contact an EEO counselor . . . within 45 calendar days of the date of the alleged discrimination."[4]  D. 152 ¶ 7; D. 171 ¶ 7; D. 145-1 at 3.  The training described the elements of a retaliation claim and

---

[4] Stubbe contends that this language "did not provide notice that participation in the EEO process and compliance with the 45 day rule was mandatory in order to file a later lawsuit."  D. 183 at 4. The use of "must," however, signifies that contacting an EEO counselor within 45 days is a requirement to obtaining "redress."  See D. 184 at 3.

warned, "BE AWARE: If you have been retaliated against you have 45 calendar days from the most recent event to contact an EEO Counselor." D. 152 ¶ 8; D. 171 ¶ 8; D. 145-1 at 4 (emphasis in original). Stubbe does not dispute the validity of the VA records showing that he completed the training. D. 171 ¶ 5; D. 171-12 ¶ 9.

Stubbe argues that these trainings are insufficient to have given him actual or constructive notice of the 45-day rule because there is no evidence that he had any such training after April 1, 2014. D. 183 at 2-3. He claims that pursuant to 5 C.F.R. § 724.203(d), any training that occurred more than two years before the discriminatory acts is "stale" or "too remote." D. 183 at 2-4; D. 171 ¶¶ 3-4. The regulation provides in relevant part that "[e]ach agency must develop a written plan to train all of its employees . . . about the rights and remedies available under the Antidiscrimination Laws . . . applicable to them" and each agency must train all employees on a training cycle of no longer than every 2 years." 5 C.F.R. § 724.203(a), (d). Stubbe, however, cites no case that stands for the proposition that an employee has no actual or constructive knowledge of his statutory rights if any training regarding same occurred over two years prior. At least one court has considered a similar argument and concluded that where the plaintiff received four notices of the 45-day limit, he had adequate notice despite his claim that the defendant had not provided him with regular EEO training every two years. See Nash v. Vilsack, No. 20-01359 KRS/GJF, 2022 WL 4289963, at *9 (D.N.M. Sept. 16, 2022).

Although Stubbe claims that he has no memory of having taken the training, D. 171-12 ¶ 10, he testified that it is possible that he "may have received this training." D. 171-1 at 6-7. His inability to remember the trainings does not defeat the actual notice he received regarding the filing requirements. See Marciniak v. Brennan, No. 16-cv-4178, 2017 WL 8200181, at *7 (N.D. Ill. Dec. 14, 2017) (rejecting plaintiff's argument for equitable tolling due to her inability to remember

the EEO training because doing so would mean that "there would be virtually nothing an agency could do to protect itself from a claim of lack of memory" and "time limits would be meaningless if anyone could just claim not to remember them").  The Court thus concludes that Stubbe has not shown that a genuine issue of material fact exists as to whether he had actual notice of his statutory rights including the 45-day deadline.

### 2.    *Constructive Knowledge of the Filing Requirement*

Stubbe likewise fails to show that a genuine issue of material fact exists as to his constructive knowledge.  Courts have found that posters describing the EEO process and noting the 45-day filing requirement constitute constructive notice.  See Alvarez, 2020 WL 13659102, at *4 (concluding that "at a minimum, Plaintiff had constructive knowledge regarding the filing requirements because information about how to file a discrimination complaint with the EEO was on a poster hung in the Springfield USPS facility where Plaintiff worked"); Bartlett, 749 F.3d at 11 (concluding that even though plaintiff "alleged that she lacked actual knowledge of the filing deadline," because she did not challenge the agency's assertion that it had posted EEO-related materials, she failed to "carr[y] her burden of showing a lack of constructive knowledge of the filing requirements").

While Stubbe was employed at the VA, posters describing the EEO discrimination complaint process and the 45-day rule were posted at the Brockton VA.  D. 152 ¶ 9; D. 146 ¶ 8; D. 146-1.  Stubbe does not appear to contest that the VA posted such posters.  Stubbe instead asserts that there are discrepancies or contradictions between the Edwin Muller ("Muller") declaration dated February 22, 2018, D. 15-6, and the Muller declaration dated December 8, 2022, D. 146.  D. 183 at 4-5; D. 171 ¶ 9.  The 2018 declaration describes only one location at the Brockton campus (on a bulletin board outside of the cafeteria on the second floor of Building #3) featuring an EEO poster, D. 15-6, while the 2022 declaration lists multiple posters located at various areas

at the Brockton VA (including on the second floor of Building #3), D. 146 ¶ 8.  These declarations are not inconsistent (even as the latter is more complete); even considering only the first declaration, Muller attests to at least one EEO poster posted at the Brockton VA.[5]

Stubbe claims that he "never saw any EEO or EEO-related posting on the bulletin board outside the cafeteria or anywhere else on the Brockton Campus," D. 171-12 ¶ 8, and he points to other employees similarly attested to not having seen the posters, not recalling them or not knowing if there were posters at these locations.  See D. 183 at 6; D. 171-3 at 4-5; D. 171-4 at 6; D. 171-5 at 12.  That Stubbe or some of his colleagues did not see or recall the posters is insufficient to create an issue of fact as to their existence.  See Kale, 861 F.2d at 754 (noting that "[p]laintiff's allegation that he did not see the posted notices will not support a claim of excusable ignorance"); Murphy v. Mattis, No. 2:14-cv-00400-JAW, 2017 WL 1157086, at *35 n.72 (D. Me. Mar. 27, 2017) (noting that "[s]o long as the employer conspicuously posts the notice, it cannot be responsible for making sure its employees actually stop and read it or having read it, understand and remember the contents"); Clark v. Runyon, 116 F.3d 275, 276 n.3 (7th Cir. 1997) (stating that "[t]estimony to the effect that [plaintiff] and [his] coworkers 'did not see' the EEO notices is not by itself sufficient to establish that the notices were not, in fact, posted").

---

[5] Although Stubbe contends that having only one poster is in violation of 29 C.F.R. § 1614.102(b)(5) (requiring that each agency "[m]ake written materials available to all employees and applicants informing them of the variety of equal employment opportunity programs and administrative and judicial remedial procedures available to them and prominently post such written materials in all personnel and EEO offices and throughout the workplace"), D. 183 at 5, plaintiff cites no law that suggests that a certain number of posters is required or that the posting of one such poster is insufficient for providing constructive notice of the 45-day filing deadline.

Even if the Court struck the second Muller declaration, as Stubbe requests, D. 183 at 6, the VA need only show that Stubbe received either actual or constructive notice.  Bangura, 334 F. Supp. 3d at 458.  As discussed above, the undisputed record here is that Stubbe received actual notice through the anti-discrimination trainings.

Stubbe also argues that he was "actively misled by his supervisors . . . into retiring from the VA . . . in order to not be reported to the state medical licensing board," which resulted in his not seeking legal advice about his rights.  D. 183 at 6-7.  At the motion to dismiss stage, the Court concluded that Stubbe failed to plausibly allege entitlement to equitable estoppel on this basis.  D. 49 at 9 (reasoning that "[e]ven assuming the VA misrepresented its intentions to report Stubbe to the state licensing board, Stubbe has not alleged that he relied upon that misrepresentation in refraining from contacting an EEO officer in a timely manner").  The Court thus will not consider Stubbe's renewed argument on that issue.

Accordingly, the Court concludes that Stubbe has not met his burden of showing that the equitable tolling doctrine should apply and allows the VA's motion for summary judgment as to Counts II, III and IV.

### B.   Retaliation Claim (Count I)

In Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81 (1st Cir. 2008), the First Circuit explained that a "retaliation claim survives what would otherwise be a failure to exhaust administrative remedies by virtue of its close relation to and origins in the other . . . discrimination claims."  Franceschi, 514 F.3d at 86-87.  An exception exists, however, where "administrative remedies have not been exhausted with respect to any of the other [discrimination] claims in the civil action" because "there is nothing properly before the court to which the retaliation claim may be bootstrapped."  Id. at 87.  In such instances, "the retaliation claim must be dismissed along with the others for failure to exhaust."  Id.

Because this Court has allowed the motion for summary judgment as to Stubbe's discrimination claims, Counts II-IV for failure to timely exhaust his administrative remedies, the Court allows the motion for summary judgment as to the remainder of Count I (that survived the motion to dismiss, D. 49 at 16).  See Saunders v. McDonough, No. 21-10106-MBB, 2021 WL

4847562, at *9 (D. Mass. Oct. 18, 2021) (dismissing retaliation claim after having dismissed plaintiff's discrimination claims for failure to exhaust administrative remedies), aff'd, No. 21-1949, 2023 WL 3704926 (1st Cir. Feb. 16, 2023); Kern v. Income Rsch. & Mgmt., No. 15-14114-LTS, 2017 WL 631188, at *4-5 (D. Mass. Feb. 15, 2017) (concluding that plaintiff could not bootstrap a retaliation claim to an untimely discrimination claim not properly before the court).

## VI.   Conclusion

For the foregoing reasons, the Court DENIES Stubbe's motion, D. 183, both as to attempting to show cause why the Court's Order granting summary judgment to the VA should not stand, D. 181, and as to Stubbe's motion for reconsideration of that Order.  Accordingly, the Court's Order granting the VA's motion for summary judgment, D. 150, shall stand and the Court will enter judgment to the VA on all counts, Counts I-IV.

**So Ordered.**

/s Denise J. Casper
United States District Judge

12